# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PATRICIA L. LUNDBORG,

    Plaintiff,

    v.

EDWARD WEISS AND K&B
TRANSPORTATION, INC.,

    Defendants.

No. 13 CV 955

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Lundborg brings this personal injury action against Defendants Edward Weiss and K&B Transportation, Inc. alleging that Weiss was negligent in operating a commercial motor vehicle. (Dkt. 1, ¶ 5). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] Before the Court are the parties' contested motions in limine.

## I. BACKGROUND

On September 21, 2012 at 1:00 a.m., Patricia Lundborg was driving a 1999 Red Jeep Cherokee in the eastbound lanes of I-80 near Morris, Illinois. (Dkt. 84 at 2). Defendant Edward Weiss was operating a tractor trailer as part of his employment and struck the rear of Lundborg's Jeep. Plaintiff filed a complaint against Edward

---

[1] K&B Transportation, Inc. is an Iowa corporation with its principal place of business in Nebraska and Edward Weiss is a Missouri citizen. Patricia Lundborg is an Illinois citizen. The complaint alleges damages in excess of $75,000. (Dkt. 1).

Weiss and his employer, K&B Transportation, alleging that they violated the Federal Motor Carrier Safety Administration, 49 C.F.R. § 392.3 (Driving of Commercial Motor Vehicles - Ill or fatigued operator) and that Weiss was negligent by either being inattentive or falling asleep just before the collision. Defendants claim that Plaintiff was comparatively negligent by operating her Jeep at a speed below the minimum highway speed limit. Plaintiff's medical expenses total $155,362.63. On February 6, 2013, Plaintiff filed this action in federal court based on diversity jurisdiction. Fact discovery closed on March 26, 2015, and this case is set for trial on November 2, 2015.

## II. DISCUSSION

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1463 (7th Cir. 1996) ("A motion in limine is a useful device for trying to exclude evidence before trial in order to prevent the trial from being interrupted by wrangles over admissibility or the jury from getting a whiff of prejudicial evidence that may in fact be inadmissible."). The movant has the burden of demonstrating that the evidence is "clearly inadmissible for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). District courts have broad discretion in ruling on motions in limine, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008). Otherwise, rulings

should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context. *Id.*

A court's decision to deny a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. "Rather, denial means the court cannot determine whether the evidence should be excluded outside the trial context." *McClain v. Anchor Packing Co.*, 1996 WL 164385, at *2 (N.D. Ill. 1996). Accordingly, "[t]he ruling is subject to change when the case unfolds . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42; *Kiswani*, 247 F.R.D. at 557 ("Trial judges may alter prior *in limine* rulings, within the bounds of sound judicial discretion.") (internal citation and quotation marks omitted).

## A. Motions in Limine Related to Plaintiff's Wage Loss Claim

Defendants' motion in limine no. 28 moves to bar Plaintiff from presenting evidence of a wage loss claim. Defendants assert that throughout discovery, Plaintiff has failed to provide information on income, including tax returns, or information to support lost wages. On May 6, 2013, Plaintiff submitted incomplete responses to Defendants' requests for production of documents and interrogatories. In Plaintiff's response to Defendants' production requests for income tax returns and lost wages, Plaintiff responded that she requested the tax returns and they would be available upon receipt. (Dkt. 90-2 at 3). With respect to the lost wages, Plaintiff indicated she would have the information available at her deposition. (Dkt. 90-3 at 3). Plaintiff

also indicated that she was in the process of obtaining additional medical bills and calculating lost wages. (Dkt. 90-3 at 4). Under Rule 26, parties are required to supplement discovery disclosures. Fed. R. Civ. P. 26(e). According to Defendants, Plaintiff has not provided any information on this matter. Defendants now move to bar Plaintiff from presenting any evidence pertaining to or supporting a wage loss claim at trial. Plaintiff did not respond to this motion in limine and has waived any objection. *Graves v. Theil*, No. 01 C 7714, 2002 WL 31455973, at \*1 (N.D. Ill. Oct. 31, 2002) ("When a party does not respond to a motion, the issue is treated as conceded unless there is good reason not to do so.").

Because Plaintiff has failed to respond to discovery related to the wage loss claim, and now has failed to object to Defendants' motion to bar evidence in support of a wage loss claim, Defendants' motion in limine no. 28 is granted. Plaintiff is barred from presenting testimony or any other evidence in support of a wage loss claim. Plaintiff's motions in limine nos. 21 and 24 are granted.[2] Defendants will not be presenting evidence related to Plaintiff's failure to mitigate damages or referencing her monthly income.

## B. Plaintiff's Motions in Limine

No. 1: Plaintiff asks the Court to bar all witnesses from the courtroom before their testimony has been given and bar defense witnesses and defense counsel from discussing any trial testimony with any witness who is not a party. Defendants do not object to non-expert witnesses being barred from the courtroom before their tes-

---

[2] Plaintiff's motion in limine no. 21 seeks to bar testimony that Plaintiff failed to mitigate her damages. Plaintiff's motion in limine no. 24 seeks to bar reference to her monthly income.

timony; however, Defendants object to expert witnesses being barred. Defendants cite *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978), that found a fair showing should be made "that the expert witness is in fact required for the management of the case, and this is made clear to the trial court". Here, Defendants do not specify which expert witnesses should remain in the courtroom or why their remaining in the courtroom is necessary for the management of this very straightforward case. Without any explanation by defendants, the Court finds that unspecified defense expert witness(es) should not be exempt from Rule 615's presumption of sequestration. *See* Fed. R. Evid. 615. Plaintiff's motion in limine no. 1 is granted. Nonparty witnesses, including expert witnesses, will be excluded from the courtroom until they are called to testify.

No. 15: Plaintiff seeks to bar argument that Defendants are "shocked" by Plaintiff's request for damages. Defendants argue they should be allowed to comment on damages at trial, and Plaintiff's motion is improper. The Court grants Plaintiff's motion over Defendants' objections, but limits this ruling to defense counsel giving his opinion describing the damages as "shocking."

No. 16: Plaintiff seeks to use exhibits, including enlarged jury instructions, during opening and closing arguments. Defendants object on the basis that Plaintiff has not specified what exhibits she intends to use during opening and closing arguments. Plaintiff's motion in limine no. 16 is granted. Seven days prior to trial the parties shall exchange a list of the demonstrative exhibits.

No. 18: Plaintiff moves to bar any reference to Plaintiff's motives in filing this case. Defendants object noting that there is evidence Plaintiff is malingering her cognitive symptoms, which arguably goes to her motivations for this lawsuit. "Evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2001). The Court cannot conclude at this stage that any comment on Plaintiff's motivation for filing the case would be improper. Plaintiff's motion in limine no. 18 is denied without prejudice.

No. 23: Plaintiff moves to bar reference that she was divorced or previously married. Defendants object, stating one of the elements of Plaintiff's damage claim is the loss of normal life and her general background as a baseline for "normal life" prior to the accident is at issue. Defendants argue that they should be permitted to explore Plaintiff's background, including prior marital status. The Court is highly skeptical that Plaintiff's marital status has any relevance here, but reserves ruling on this motion until trial.

No. 27: Plaintiff moves to bar Defendant Weiss from testifying as to whether the taillights on the red Jeep SUV were lit or not. Defendants object stating Weiss's testimony on the taillights is relevant. Weiss testified that he did not believe Plaintiff's taillights were lit immediately prior to and at the time of the accident. (Dkt. 92-1, Dep. at 88-89). Weiss is free to offer this testimony and will be subject to cross examination. Plaintiff's motion in limine no. 27 is denied.

No. 28: Plaintiff moves to bar testimony or argument that Plaintiff's red Jeep SUV was missing its brake lights before impact. Plaintiff argues there is no foundation because no witness testified to this. Defendants object and argue that a post-car-inspection took place. David Stobbe, who is listed in the final pretrial order as a witness, conducted a post-incident inspection and found both of Plaintiff's rear-facing brake and turn signal lights missing. *See* Report of David Stobbe (Dkt. 92-2 at 15, 18). This post-accident report indicates Mr. Strobbe's opinion that Plaintiff's brake lights were not lit at the time of the accident. Mr. Stobbe is free to offer this evidence, subject to cross-examination. Plaintiff's motion in limine no. 28 is denied.

## C. Defendants' Motions in Limine

No. 20: Defendants move to bar Plaintiff from arguing Defendants have a higher duty of care because of their involvement in the trucking industry. Defendants argue that every driver in Illinois owes the same duty of care to exercise due care. *See* 625 Ill. Comp. Stat. Ann. 5/11-1003.1 ("every driver of a vehicle shall exercise due care"). Defendants' motion in limine no. 20 is granted. Testimony about a separate duty of care would only serve to confuse the jury about the legal standard applicable to the case.

No. 23: Defendants move to prevent Plaintiff from presenting Bridgett Boykins as a witness. Boykins was driving westbound on Interstate 80 at the time of the incident. She did not see the collision, but she testified she believes Mr. Weiss had fallen asleep. Defendants argue that this statement is based on speculations since Boykins has no independent knowledge. Additionally, Defendants assert that her

testimony that the truck was traveling "70 to 80 miles an hour" is not factually accurate and is highly likely to confuse the jury. The Court denies Defendants' motion in limine no. 23 to bar Ms. Boykins. She may testify to her personal observations and knowledge of the accident. Objections to her attempting to testify to facts outside of her knowledge or to speculation will be addressed during the trial.

No. 24: Defendants move to bar evidence of warnings, citations, or findings of Federal Motor Safety Carrier Regulation violations Weiss was issued after the accident from any entity. Specifically, following the incident, State Trooper Jeffrey Aron issued a warning to Weiss for violating 49 C.F.R. § 392.3. Later the Illinois Department of Transportation (IDOT) issued a violation to K&B Transportation based on § 392.3. Plaintiff argues that Weiss made admissions that he had fallen asleep to a different State Trooper, Trooper Jennifer Kirincich, and "what the defense really wants" is to bar these admissions that serve as the basis for the § 392.3 warning and citation.

Motion in limine no. 24 requests the Court to bar the fact of the warning and the finding of a violation. Defendants' motion is granted as to State Trooper Aron's warning and IDOT's finding of violation. That evidence is not admissible. The Court is not ruling on testimony that State Trooper Kirincich may give at trial.

No. 25: Defendants move to bar evidence pertaining to K&B Transportation's disciplinary measures or Weiss's employment after the incident. Defendants assert that any discipline imposed on Weiss is inadmissible as subsequent remedial measures pursuant to Fed. R. Evid. 407, and any evidence of Weiss's current occu-

pation or the fact that he has not worked as a truck driver since the date of the accident is irrelevant and highly prejudicial. Plaintiff argues that the fact that Weiss was removed as a truck driver pending the lawsuit is not a "disciplinary measure" and that there is nothing prejudicial about asking Weiss about his present employment. The Court finds this information prejudicial. Evidence regarding measures taken by K&B Transportation after the incident, as well as Weiss's subsequent employment, is barred. Defendants' motion in limine no. 25 is granted.

No. 27: Defendants move to bar Trooper Kirincich's September 22, 2012 letter to Plaintiff. Kirincich drafted a letter to Plaintiff stating (1) Defendants' insurance information,[3] (2) that Mr. Weiss was the "at fault driver," and (3) that "he did admit he may have dozed off", and (4) that he asked Kirincich to send his regrets and apologies. Defendants argue the evidence is unfairly prejudicial and cumulative because Kirincich is expected to testify at trial. Plaintiff does not object to redacting the information relating to insurance. Plaintiff objects to barring the letter, arguing that Weiss' statement that he "may have dozed off" is an admission against interest by a party opponent and relevant and therefore admissible. *See* Federal Rule of Evidence 801(d)(2)(d).

The Court agrees that Weiss' statement that he may have dozed off is an admission against interest and, therefore admissible through Trooper Kirincich's testimony. Further, Trooper Kirincich's memory could be refreshed with the letter if that were necessary. But the document itself, a series of out-of-court statements attempting to be introduced for the truth of matters asserted, is classic hearsay that

---

[3] Plaintiff does not oppose redacting the insurance information.

does not appear to fall within an exception to the hearsay rule. The parties have not addressed the hearsay nature of the document itself. If these statements were written on a police report, the document would be admissible under the public records exception. *See* Federal Rule of Evidence 803(8). *Cf., Jordan v. Binns*, 712 F.3d 1123, 1134 (7th Cir. 2013) (finding district court did not abuse its discretion in admitting a crash report as public record and admitting the portions of the report recording party admissions). Defendants' motion in limine no. 27 is granted.

No. 29: Defendants move to bar medical bills, documents, and evidence pertaining to economic damages incurred by Plaintiff after May 14, 2013. Plaintiff did not disclose any treatment after May 14, 2013 during discovery. In Plaintiff's discovery responses dated May 6, 2013, she indicated that "investigation continues" and "Plaintiff's attorney is in the process of obtaining additional medical bills and calculating lost wages." (Dkt. 89 at 2). Nor has she supplemented her Rule 26 disclosures to provide otherwise.[4] Plaintiff did not respond to Defendants' motion in limine on this issue. Defendants' motion in limine no. 29 is granted.

No. 30: In Defendants' motion in limine no. 30, Defendants move to bar Plaintiff's expert, Lew Grill, a trucking expert, from testifying that (1) Mr. Weiss "operated his truck with an extreme violation to the standard of care" (Dkt. 91-4 at 13); (2) the Illinois Department of Transportation found that Weiss violated 49 C.F.R. § 392.3; (3) K&B failed to terminate Weiss after the incident; and (4) drivers have a "higher degree of safe driving" and "greater driver performance duties." (Dkt. 91 at

---

[4] Defendants improperly rely on Plaintiff's settlement submission in support of this motion in limine. *See* Fed. R. Evid. 408.

5-6). For reasons stated previously, the motion is granted as to this proposed testimony. Mr. Grill cannot testify that Defendants failed to exercise due care, but he can explain the procedures a commercial truck driver should follow. *Good Shepherd Manor Found. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)(Experts may not testify "as to legal conclusions that will determine the outcome of the case."); *Passmore v. Barrett*, No. 2:13-CV-290, 2015 WL 2412709, at *6-7 (N.D. Ind. May 21, 2015)(expert could not testify that driver failed to exercise ordinary care under Indiana law, but he can explain the procedures a commercial truck driver should follow). Mr. Grill may discuss the requirements and procedures of a commercial truck driver, as long as his opinions do not improperly instruct the jury on legal conclusions or the legal standard under Illinois law.

Additionally, Mr. Grill may not discuss any disciplinary measures imposed on Mr. Weiss by K&B Transportation following the incident or any evidence related to the Illinois Department of Transportation's findings the Mr. Weiss violated 49 C.F.R. § 392.3. (*See* Defendants' motions in limine nos. 24 and 25).

Defendants' motion in limine no. 30 also moves to bar two of Plaintiff's three experts Lew Grill, Jeffrey Muttart, Ph.D., and Stefanos Kales, M.D., because their testimony is cumulative. Plaintiff asserts that her experts come from different fields of expertise and will testify from different viewpoints: Dr. Kales, a sleep expert, will testify that Mr. Weiss experienced micro sleep shortly before the collision; Dr. Muttart will testify on how far back Mr. Weiss could have seen Plaintiff's Jeep; and Mr. Grill will testify to industry standards for tractor trailers like the one the defendant

was driving. Because each witness is offered to provide testimony on a different subject, Defendants' motion to bar Plaintiff's experts on the basis that their testimony is cumulative is denied. However, Dr. Muttart and Mr. Grill are not permitted to opine that Weiss likely fell asleep prior to the accident as they have offered no basis to be able to opine on such a matter. Further, Plaintiff is cautioned that Dr. Muttart and Mr. Grill are not to offer cumulative testimony about the trucking industry despite the overlap in their reports.

### III. CONCLUSION

Plaintiff's motions in limine nos. 1, 15, 16, 21 and 24 are granted; no. 18 is denied without prejudice; no. 23 is taken under advisement; and nos. 27 and 28 are denied. Defendants' motions in limine nos. 20, 24, 25, 27, 28 and 29 are granted; no. 23 is denied; and no. 30 is granted in part and denied in part.

E N T E R:

Dated: September 29, 2015

_Mary M Rowland_
_____
MARY M. ROWLAND
United States Magistrate Judge